ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| SUCESIÓN DE ZORAIDA RODRÍGUEZ MORALES COMPUESTA POR JOSÉ MANUEL ORTA RODRÍGUEZ, LINETTE RODRÍGUEZ Y SOL LIZETTE ORTA RODRÍGUEZ<br><br>Recurridos<br><br>v.<br><br>SUCESIÓN DE ZORAIDA RODRÍGUEZ MORALES COMPUESTA POR SOL IVETTE ORTA RODRÍGUEZ T/C/C SOL IVETTE CABRERA T/C/C SOL I. CABRERA Y RAFAEL REYES VÁZQUEZ<br><br>Peticionarios | TA2025CE00742 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2025CV03005<br><br>Sobre: Impugnación o Nulidad de Testamento |

Panel integrado por su presidenta, la Jueza Lebrón Nieves, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 26 de febrero de 2026.

Compareció la Sra. Sol Ivette Cabrera como la ejecutora universal de la Sucesión de Zoraida Rodríguez Morales (en adelante, "señora Cabrera" o "peticionaria") mediante el recurso de *certiorari* de epígrafe presentado el 11 de noviembre de 2025. Nos solicita la revisión de la *Resolución* emitida el 24 de octubre de 2025 y notificada el 27 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, "foro de instancia"). En el aludido dictamen, el foro de instancia denegó una solicitud de desestimación, por entender que la reclamación cumple con el estándar de plausibilidad que justifica la concesión de un remedio. En desacuerdo con ello, la peticionaria planteó que no

[1] Mediante la Orden Administrativa OATA-2025-237 de 3 de diciembre de 2025, debido a la inhibición de la Josuè Ivelisse Domínguez Irizarry, en su sustitución, se designó a la Jueza Gloria L. Lebrón Nieves.

procede continuar los procedimientos para invalidar la institución hereditaria que testó la causante Zoraida Rodríguez Morales porque no se lesionan los derechos legitimarios de sus hijos.

Por los fundamentos que expondremos a continuación, se **expide** el auto de *certiorari* y se **revoca** la *Resolución* recurrida.

**-I-**

El 18 de septiembre de 2025, el Sr. José Manuel Orta Rodríguez, la Sra. Linette Orta Rodríguez y la Sra. Sol Lizette Orta Rodríguez (en conjunto, "Sucesión Rodríguez Morales") presentaron una *Demanda*[2] sobre impugnación de institución de herederos en testamento abierto contra la señora Cabrera y el Sr. Rafael Reyes Vázquez (en adelante, "señor Reyes Vázquez"). En síntesis, la Sucesión Rodríguez Morales alegó que la institución de herederos —contenida en la cláusula testamentaria número QUINTA— de la Escritura Núm. 14 sobre Constitución de Testamento Abierto del 4 de febrero de 2025 es ineficaz y contraria a lo establecido en el Artículo 1622 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11162. Según sostuvo, ello se debe a que, en la referida cláusula testamentaria QUINTA, la causante Zoraida Rodríguez Morales instituyó como sus únicos y universales legitimarios tanto a sus cuatros (4) hijos, como a su pareja consensual, el señor Reyes Vázquez, en partes iguales. Por lo cual, adujo que no le asiste tal derecho al señor Reyes Vázquez y que procedía abrir una sucesión mixta para constituir la institución de herederos conforme al derecho de la sucesión intestada.

El 29 de septiembre de 2025, la señora Cabrera presentó *Moción de desestimación* al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5).[3] En su capacidad de ejecutora universal, alegó que no existe razón para invalidar la

---

[2] SUMAC-TPI, entrada núm. 1.
[3] SUMAC-TPI, entrada núm. 8.

institución de herederos hecha por la causante Zoraida Rodríguez Morales, ya que la porción de legítima no se afecta ni se lesiona por razón de la designación del señor Reyes Vázquez como beneficiario en participación igual a la que le pertenece a sus hijos.

El 22 de octubre de 2025, la Sucesión Rodríguez Morales presentó su *Moción en oposición a desestimación*.[4] Reafirmó que la causante Zoraida Rodríguez Morales instituyó como legitimario al señor Reyes Vázquez, quien no es su hijo ni su cónyuge, sino su pareja consensual. Por lo que, adujo que la institución de herederos no está dentro de los límites y formalidades que señala la ley.

Así las cosas, el foro de instancia emitió el 24 de octubre de 2025 y notificó el 27 de octubre de 2025 una *Resolución* mediante la cual denegó la solicitud de desestimación presentada por la señora Cabrera. En esencia, dispuso como sigue:

> […] Nuestro ordenamiento jurídico favorece que los casos se ventilen en sus méritos. La reclamación que está haciendo la parte demandante en su Demanda, satisface el estándar de plausibilidad que rige en nuestro ordenamiento, por lo que justifica la concesión de un remedio ante este Tribunal. Se autoriza la continuación de los procedimientos.

Inconforme, el 11 de noviembre de 2025, la señora Cabrera acudió ante nos mediante el recurso de epígrafe y señaló la comisión de los errores siguientes:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR SIN LUGAR LA MOCIÓN DE DESESTIMACIÓN Y DETERMINAR QUE LA DEMANDA SATISFACE EL STANDARD DE PLAUSIBILIDAD Y QUE COMO TAL DICHA RECLAMACIÓN JUSTIFICA LA CONCESIÓN DE UN REMEDIO CONFORME A DERECHO.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR LA DEMANDA TODA VEZ QUE EL TESTAMENTO OTORGADO EN ESTE CASO ES CLARO AL DESIGNAR A SUS CUATRO (4) HIJOS COMO LEGITIMARIOS Y DISPONER DE UNA PARTICIPACIÓN IGUAL AL INSTITUIR A SU COMPAÑERO CONSENSUAL EN UNA PARTICIPACIÓN IGUAL A LA QUE LE[S] CORRESPONDE A SUS HIJOS SIN QUE ELLO AFECTE EN FORMA ALGUNA LA LEG[Í]TIMA ESTRICTA.

---

[4] SUMAC-TPI, entrada núm. 13.

Por su parte, el 27 de noviembre de 2025, la Sucesión Rodríguez Morales presentó su *Memorando en oposición a petición de certiorari.*[5]

Así pues, perfeccionado el recurso, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. Testamento Abierto y la intención del testador**

Conforme a nuestro ordenamiento jurídico, el testamento es un **negocio jurídico** solemne, personalísimo, **unilateral** y revocable por el cual una persona natural dispone —total o parcialmente— el destino de sus bienes para después de su muerte. 31 LPRA sec. 11251 (énfasis nuestro). Ahora bien, existen dos (2) clases de testamentos: (i) los comunes y (ii) los especiales. 31 LPRA sec. 11261. Entre los testamentos comunes, se encuentra el testamento abierto el cual se otorga ante notario. *Íd.,* 31 LPRA sec. 11271.

El Código Civil de Puerto Rico de 2020 establece que para interpretar un negocio jurídico hay que aplicar las dos reglas siguientes:

(a) se presume que el negocio jurídico se otorga de buena fe; y

**(b) si el negocio jurídico es unilateral, se atenderá al sentido literal de sus palabras, a no ser que aparezca claramente que fue otra la voluntad de su autor. En tal caso, se observará lo que parezca más conforme a la intención que tuvo al otorgarlo.**

Artículo 354 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 6342.

Además, es relevante notar que, en los comentarios del Código Civil Comentado sobre el Artículo 354, se dispuso que "[s]i el acto jurídico es unilateral (inciso b) debe prevalecer la voluntad interna". Véase, Artículo 354 del Código Civil Año 2020 Comentado, https://8b1bf758-1982-44d6-af7c944f8408e8fa.filesusr.com/ugd/5be1a_15cd7772b7ca4ecd84035ed394e1e517.pdf (última visita, 25

---

[5] SUMAC-TA, entrada núm. 5.

de febrero de 2026) (citas omitidas). Asimismo, continúa explicando que "[e]sta regla adquiere singular relevancia en los actos jurídicos unilaterales y *mortis causae,* como resulta del Artículo 624 del Código Civil (1930). La búsqueda de la voluntad interna del sujeto otorgante no impide la aplicación del criterio hermenéutico literal, pero su aplicación es secundaria". *Id.*

Recientemente nuestro Tribunal Supremo reafirmó que "[e]n materia de sucesiones, la voluntad del testador es la ley de la sucesión". *Rosa María Vicioso Tueros de Suárez v. Margarita Odette Suárez Noya y otros,* 2026 TSPR 8, pág. 12, 217 DPR ___ (2026). Incluso, la Alta Curia al interpretar el Artículo 624 del derogado Código Civil de 1930 —equivalente al precitado Artículo 354 del Código Civil de Puerto Rico 2020— dispuso que "lo que se ordena es que prevalezca la voluntad real del testador. Por ello, se les impone a los tribunales el rol fundamental de descubrirla para que se produzca el efecto que el testador ha deseado, dentro de lo que permite la ley". *Id,* pág. 13 (citas omitidas). Con la finalidad de lograr la encomienda anterior, el Tribunal Supremo esbozó tres (3) pasos para dirimir las controversias sobre la interpretación de un testamento, a saber:

> Como primer paso, procede examinar el texto de la disposición testamentaria en cuestión. Cuando ese texto sea claro y permita que de una simple lectura se determine el propósito del causante, entonces los tribunales no deberán ir más allá.
> **Como segundo paso, si la lectura literal del texto no resulta suficiente y subsisten dudas porque la voluntad es oscura, ambigua o está consignada de forma imprecisa, deficiente o contradictoria, entonces será necesario acudir a la segunda oración del Art. 624 del Código Civil de 1930. Es decir, procederá observar "lo que parezca más conforme a la intención del testador según el tenor del mismo testamento"**. Al hacerlo, debe emplearse un análisis integrado del testamento porque es el conjunto de todas sus cláusulas el que compone la verdadera voluntad del testador. Por eso, tampoco es permisible estudiar las frases o palabras testamentarias de forma aislada.
> [...]
> Como tercer paso, solamente si se agotan los medios intrínsecos anteriores, será permisible acudir a la prueba extrínseca.

*Id.,* págs. 14-15 (citas omitidas).

## B. Institución de herederos

El Código Civil de Puerto Rico de 2020 dispone que la institución de herederos "es la designación hecha en un testamento de la persona que sucederá al testador, como heredero o como legatario, en la titularidad de los bienes que integran la herencia". Artículo 1659 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11301. En el contexto de testamentos, se entenderá que el heredero "es la persona que sucede al causante en todos los derechos y las obligaciones transmisibles, a título universal". Artículo 1553 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 10918. En cambio, se entenderá que el legatario es la persona que sucede al causante en bienes específicos o en una parte alícuota, designada a título particular. *Id.*

Nuestro ordenamiento jurídico vigente reconoce la validez de un testamento que carezca de una institución de herederos, al disponerse que "[e]l testamento es válido, aunque no contenga la institución de herederos o esta resulte ineficaz". Artículo 1660 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11302. Incluso, se dispone que aquella institución realizada sin una designación de cuota significa que los herederos instituidos heredan en partes iguales. Artículo 1663 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11305.  Ahora bien, el Código Civil únicamente reconoce la nulidad de la institución testamentaria en dos (2) circunstancias, a saber:

> Es nula la institución testamentaria que haga:
>
> (a) el incapaz, a favor de su tutor; o
>
> (b) el enfermo, a favor de las personas que le brindan asistencia médica o espiritual durante su última enfermedad, si la institución se otorga durante la enfermedad. Sin embargo, la institución es válida si se hace a favor del cónyuge, o de los ascendientes, los

descendientes, los hermanos o los sobrinos del causante o del cónyuge supérstite.

Artículo 1661 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11303.

## C. Caudal Hereditario

La herencia en Puerto Rico se constituye por "los derechos y las obligaciones transmisibles por causa de la muerte de una persona, ya sea que los derechos excedan las obligaciones; que las obligaciones excedan los derechos, o solo se trate de obligaciones." Artículo 1552 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 10917. Ahora bien, conforme al derecho vigente, ese caudal hereditario está divido en dos porciones: (1) la legítima y (2) la libre disposición. Véase, Artículo 1623 del Código Civil Año 2020 Comentado, https://8b1bf758-1982-44d6-af7c-944f8408e8fa.files usr.com/ugd/5be21a_15cd7772b7ca4ecd84035ed394e1e517.pdf (última visita, 25 de febrero de 2026).

De un lado, en nuestro ordenamiento jurídico, se conoce como la libre disposición aquella porción de la herencia de la cual el causante puede disponer libremente. Artículo 1623 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11163.

Por otra parte, se conoce como la legítima aquella "parte de la herencia que la ley reserva para determinadas personas, denominadas legitimarios". Artículo 1621 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11161. En otras palabras, la legítima constituye aquella parte alícuota de la herencia que es impuesta por ley con el propósito de proteger a ciertas personas cercanas al testador. Véase, Artículo 1621 del Código Civil Año 2020 Comentado, https://8b1bf758-1982-44d6-af7c-944f8408e8fa.files usr.com/ugd/5be21a_15cd7772b7ca4ecd84035ed394e1e517.pdf (última visita, 25 de febrero de 2026). Esta opera como una limitación a la voluntad del testador, toda vez que la ley impide que se disponga de esa porción libremente.

Cónsono con lo anterior, los legitimarios son aquellos llamados a la legítima, en el orden y en la medida siguiente: (a) los descendientes; (b) el cónyuge supérstite; y, (c) a falta de estos, los ascendientes. Artículo 1622 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11162.

En aquellos casos en los que el testador omite instituir a uno, a varios o a todos sus legitimarios, se entiende que éste incurrió en preterición. Artículo 1628 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11181. Es decir, la preterición es la omisión de un legitimario en el testamento. Al respecto, hay que destacar que, la preterición de un legitimario no anula la institución de heredero, sino que conlleva la división de la legítima entre el total de los legitimarios. Artículo 1629 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11182. Ahora bien, "[e]l legitimario a quien el testador ha dejado, por cualquier título, menos de la legítima que le corresponde, puede pedir el complemento". Artículo 1630 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11183.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En esencia, la apelante alegó que el foro de instancia erró al denegar la desestimación de la *Demanda* del caso de epígrafe, ya que la causante Zoraida Rodríguez Morales instituyó como legitimario a su pareja consensual sin afectar la legítima de sus cuatro (4) hijos.

Ciertamente, surge de la Escritura Núm. 14 sobre Constitución de Testamento Abierto del 4 de febrero de 2025 que, la causante Zoraida Rodríguez Morales procreó cuatro (4) hijos con el fallecido José Luciano Orta, con quien estuvo casada. Véase, SUMAC-TA, entrada núm. 1, anejo II, pág. 2. Asimismo, consta en el mencionado testamento que, la causante Zoraida Rodríguez

Morales mantuvo una relación consensual con el señor Reyes Vázquez durante 34 años y nunca contrajeron matrimonio. *Id.* Lo anterior quedó confirmado con la *Certificación de Defunción* de la causante Zoraida Rodríguez Morales expedida el 25 de agosto de 2025 por el Departamento de Salud y el Registro Demográfico de Puerto Rico. Véase, SUMAC-TA, entrada núm. 1, anejo I. Igualmente, consta en la cláusula testamentaria número QUINTA del testamento, que la causante Zoraida Rodríguez Morales designó la institución de herederos como sigue:

> ---**QUINTA:** Que utilizando los derechos que le concede la ley, instituye como sus únicos y universales legitimarios a sus cuatro (4) hijos antes mencionados y a su compañero, Rafael Reyes Vázquez, en partes iguales para cada uno. ---

Véase, SUMAC-TA, entrada núm. 1, anejo II, pág. 3.

Conforme explicamos en el acápite II de esta *Sentencia*, la institución hereditaria es aquella designación que hace el causante en su testamento para que una o varias personas le sucedan en la titularidad de sus bienes. 31 LPRA sec. 11301. Ahora bien, la ausencia de esta institución hereditaria no invalida un testamento. 31 LPRA sec. 11302. Sin embargo, el derecho vigente reconoce solamente dos instancias en las cuales una institución hereditaria es nula. 31 LPRA sec. 11303. En primer lugar, es nula aquella designación que hace el incapaz a favor de su tutor. *Id.* En segundo lugar, es nula aquella designación que hace el enfermo a favor de las personas que le brindaron asistencia médica o espiritual durante su última enfermedad. *Id.*

Al aplicar lo anterior al caso ante nuestra consideración, resulta forzoso concluir que los recurridos no tienen derecho a impugnar la institución hereditaria por razón de nulidad, ya que no existen ninguna de las dos instancias que reconoce el Código Civil. Esto es, no surge del expediente que la causante Zoraida Rodríguez Morales fuera incapaz al momento de testar ni la existencia de algún

tutor encargado de proteger y representar a su persona. Tampoco se desprende del expediente que la causante Zoraida Rodríguez Morales estuviera enferma al momento de testar ni que haya instituido como herederos a las personas que le brindaron asistencia médica o espiritual durante su última enfermedad. **Así pues, colegimos que la institución hereditaria de la Escritura Núm. 14 sobre Constitución de Testamento Abierto del 4 de febrero de 2025, no es nula ni hace ineficaz la validez del referido testamento.**

Una vez hemos aclarado lo anterior, es pertinente que procedamos a interpretar el testamento del caso de epígrafe para dirimir las controversias que versan sobre el mismo. Ante esto, debemos recordar que un testamento es un negocio jurídico unilateral en el cual se consigna la voluntad del testador y, por ello, tanto nuestro Código Civil como la jurisprudencia han establecido unas reglas particulares para interpretar este tipo de figura jurídica. Véase, 31 LPRA secs. 11251 y 6342; *Rosa María Vicioso Tueros de Suárez v. Margarita Odette Suárez Noya y otros*, supra.

La primera regla consiste en examinar el texto literal de la disposición testamentaria en controversia. Al así hacerlo, nos percatamos que la cláusula testamentaria número QUINTA del testamento en cuestión, contiene una contradicción al instituir como "legitimarios" a los cuatro (4) hijos de la causante Zoraida Rodríguez Morales y a su pareja consensual, el señor Reyes Vázquez. Resaltamos que tal contradicción surge por las dos razones siguientes: (1) de un lado, la causante Zoraida Rodríguez Morales reconoció —en la cláusula testamentaria número SEGUNDA— que el señor Reyes Vázquez no fue su cónyuge supérstite, sino que fue su pareja consensual durante 34 años; y (2) a pesar de lo anterior, la causante Zoraida Rodríguez Morales lo designó como "legitimario". Sin embargo, nuestro estado de derecho vigente solo

reconoce como legitimarios a los hijos y cónyuge supérstite del causante. Véase, 31 LPRA sec. 11162.

Por tanto, al existir esa clara contradicción en la mencionada disposición testamentaria, es prudente que apliquemos la segunda regla de interpretación de testamentos. Esta consiste en hacer un análisis integrado de todas las cláusulas del testamento en cuestión para observar la intención de la testadora. Con estas directrices, al examinar la institución hereditaria, determinamos que la intención real de la causante Zoraida Rodríguez Morales es clara: *instituir como herederos a sus designados en partes iguales.* Véase, SUMAC-TA, entrada núm. 1, anejo II, pág. 3. Esta voluntad quedó consignada expresamente en la cláusula testamentaria número QUINTA de la Escritura Núm. 14 sobre Constitución de Testamento Abierto del 4 de febrero de 2025. El lenguaje claro y específico de la mencionada disposición testamentaria no deja espacio para otra interpretación sobre la intención de la testadora. **Concluimos que, un error técnico de nomenclatura por parte del notario autorizante no debe de invalidar la voluntad clara, específica y manifiesta de la causante Zoraida Rodríguez Morales.** Además, debemos recordar "nuestra tradición jurisprudencial de reconocer la validez de disposiciones testamentarias cuando no perjudiquen derechos legitimarios o sean contrarias a la ley, la moral y el orden público". Véase, *Rosa María Vicioso Tueros de Suárez v. Margarita Odette Suárez Noya y otros*, supra, págs. 27-28.

En el presente caso, la voluntad de la causante Zoraida Rodríguez Morales no es contraria a la ley ni perjudica los derechos legitimarios de sus cuatro (4) hijos. Tal planteamiento lo podemos corroborar al realizar el cálculo aritmético conforme a la voluntad manifiesta de la testadora. Nos explicamos.

Nótese que, la voluntad de la causante es que su herencia sea dividida en partes iguales entre los cinco (5) herederos designados

en la institución testamentaria. Por tanto, los cuatro (4) hijos de la causante Zoraida Rodríguez Morales y su pareja consensual, el señor Reyes Vázquez, heredarían un 20% de la herencia cada uno (100% de la herencia ÷ entre 5 herederos = 20% de la herencia). Entiéndase que, los cuatro (4) hijos de la causante Zoraida Rodríguez Morales tendrían en conjunto un 80% de la herencia (20% de la herencia x 4 hijos = 80% de la herencia).

En la medida que, la causante Zoraida Rodríguez Morales destinó un 80% de la herencia a sus cuatro (4) hijos, estos estarían recibiendo una participación mayor a la protegida por ley. En ese sentido, es importante recordar que, en nuestro ordenamiento, la porción de legítima equivale solo al 50% de la herencia. Véase, Artículo 1623 del Código Civil Año 2020 Comentado, en https://8b1bf758-1982-44d6-af7c944f8408e8fa.filesusr.com/ugd/5be21a_15cd7772b7ca4ecd84035ed394e1e517.pdf (última visita, 25 de febrero de 2026).

Así pues, luego de este ejercicio matemático, concluimos que, por las particularidades del caso de epígrafe y la voluntad real de la causante Zoraida Rodríguez Morales, no se perjudican de ninguna manera los derechos legitimarios de sus cuatro (4) hijos.

En sintonía con todo lo que hemos resuelto aquí, no hallamos alguna razón por la cual sea necesario que el Tribunal de Primera Instancia continúe con los procedimientos. Por tanto, no existiendo una reclamación que justifique la concesión de un remedio a favor de los recurridos, se desestima la *Demanda* del caso de epígrafe a tenor con la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5).

**-IV-**

Por los fundamentos expuestos previamente, se **expide** el auto de *certiorari* y se **revoca** la *Resolución* recurrida. En consecuencia, se **desestima** la *Demanda* del caso de epígrafe.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones